This action was brought against the defendants as sureties of William Henry, sheriff of Craven, for breach of his official bond. On the plea of performance, the issue to be decided turned wholly on the fact whether a judgment recovered by John Lenox against Benjamin Williams, and which had been collected by Henry under execution, had been paid to Lenox or not. The judgment of Lenox against Williams was for £ 100 in an action of assault and battery.
The execution issued from Salisbury Superior Court, tested 2 October, 1793, and was returnable 19 March, 1794. On this execution the sheriff made two returns, which were in the following words, viz.:
"Satisfied in full. WM. HENRY, Sheriff." Also, "Judgment (262) paid plaintiff. WM. HENRY, Sheriff."
The defendant produced a receipt in the following words:
"Received of William Henry, Esq., sheriff of Craven County, £ 51 11s.2d., by the hands of William Slade, in full for the costs of a suit recovered in Salisbury Superior Court at the instance of John Lenox against Benjamin Williams, Esq., together with the execution issued on said suit. "MONTFORD STOKES, Clk. Sup. Court Law.
"New Bern, 20 July, 1794."
William Henry died in the fall of 1799. No demand was shown to have been made by Lenox until the fall of 1809, when a claim was preferred against the securities, and in the June following the present suit was brought. John Lenox has been, since 1794, and yet is, a resident of Rockingham County. The defendants are residents of Craven County. Montford Stokes was at New Bern, in Craven County, at the date of the receipt, as a clerk of the State Legislature, then sitting at New Bern.
The court instructed the jury that they were at liberty to presume, from the lapse of time and the circumstances herein stated, that the judgment was paid. The jury found a verdict accordingly.
The jury have presumed a payment of this judgment after a lapse of something more than fifteen years, of which Henry, the *Page 203 
sheriff, was alive only about five; and in aid of the presumption, arising from length of time, other circumstances are relied upon, as that Henry returned the execution, with two endorsements, one of which stated that it was satisfied in full; the other, that he had paid the amount of the judgment to the plaintiff. In addition to these circumstances, the defendants relied upon a receipt, signed by the clerk of Salisbury Superior Court, for the amount of the costs; upon the nonproduction of proof by the plaintiff of any demand made by him till the fall of (263) 1809, and upon the fact of his residence in Rockingham County since 1794, and the defendants' in Craven County. It also appears that the clerk of Salisbury Superior Court was in New Bern at the period his receipt bears date.
These circumstances, it is said, fortify and support the presumption arising from the length of time (which is admitted not to be alone sufficient), and completely justify the finding of the jury.
But we do not perceive in any of these circumstances, taken singly, nor in all of them together, that weight and conclusiveness which ought to exist before a man is deprived of a debt due by the high evidence of a record.
Presumptive evidence ought not to rest upon conjecture and surmise. It must be built on a solid foundation. A legal presumption does not arise because probability preponderates on one side rather than on the other. It is created only then when the circumstances are such as to render the opposite supposition improbable; and when we are about to defeat a right, the presumption ought to be stronger than when it is to be supported. Cowper, 216.
The sheriff's return is his own act, and considered as evidence per se, it cannot be introduced in favor of himself or his securities. It is evidence only against them. It might, in connection with other circumstances, become evidence against the plaintiff. If, for example, he had seen it a long time since and acquiesced in it, it might be supposed that he knew its truth. But this important fact, instead of being proved, is supposed; this essential link in the chain of circumstances is deficient. But why should it be supposed that the plaintiff saw this return? The time when he would most probably have looked for the execution was when it was returnable, and ought to have been returned. That was at March Term, 1794. But instead of being returned then, it was delivered to the clerk at New Bern, in July, 1794, as appears by his receipt. And even if the return had been made in due time, the probability of its having come to the knowledge of the plaintiff must depend upon many circumstances, not proved, and which the jury had no (264) means of ascertaining; upon the degree of attention usually paid by the plaintiff, to his affairs, upon his condition, wants, and vigilance. *Page 204 
The facts from which a presumption is deduced ought to be consistent with the proposition which they are intended to establish. Here the proposition intended to be maintained is that Henry paid the plaintiff his debt; but a fact proved is that he did not pay the costs, an incident to the debt, when they ought to have been paid; and then not at Salisbury, but at New Bern, where the clerk personally met him. Now, if the effect of a presumption, in serving as a proof, depends on the justness of the consequences, drawn from certain facts, to prove others which are in dispute, should we not lose sight of the principle in presuming punctuality in that part of a transaction which we cannot see, when we are furnished with positive proof of delinquency in that part which we do see?
As, therefore, we are not apprised of any adjudication where the jury have been left to presume payment even of a bond, after the lapse only of fifteen years, and as the circumstances here proved do not, in our conception, aid the time, we think a new trial should be granted.